UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO. 4:09-CV-43-FL

| | |
|---|---|
| JERRY LEE SPENCER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **MEMORANDUM AND** |
| v. ) | **RECOMMENDATION** |
| ) | |
| ANTONIA WILLIAMS, MIKE ) | |
| FREEMAN and RICHARD NANNEY, ) | |
| ) | |
| Defendants. ) | |

This matter is before this court for review of plaintiff Jerry Lee Spencer's *pro se* application to proceed *in forma pauperis* and his complaint pursuant to 28 U.S.C. §§ 1915(a)(1), (e)(2)(B). [DE-1.2]. In the view of this court, plaintiff has demonstrated sufficient evidence of the inability to pay the required court costs. Accordingly, this court ALLOWS plaintiff's motion to proceed *in forma pauperis*. However, for the reasons set forth below, this court RECOMMENDS that the complaint be DISMISSED WITHOUT PREJUDICE.

## I. PLAINTIFF'S COMPLAINT

Plaintiff, a North Carolina resident, brings this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII") for employment discrimination based on allegations that he was not promoted and was terminated from his employment because of his race by defendants Antonia Williams ("Williams"), Mike Freeman ("Freeman") and Richard Nanney ("Nanney"). Compl. at 2 ¶¶ 4, 5. Plaintiff also asserts claims of defamation arising under North Carolina state tort law.[1] *Id.* at 2 ¶ 4.

---

[1] The court notes that plaintiff has filed a number of previous complaints, including a Title VII race discrimination claim against a former employer. *See Spencer v. Hyde County Egg Farm*, 4:07-cv-00133-BR. The other cases of which this court is presently aware include: (1) *Spencer v.*

Plaintiff was employed by Austin Industrial & Maintenance ("AIM"), a contractor for PCS Phosphate ("PCS"). *Id.* at 7 ¶ 1. All defendants are employees of PCS. *Id.* at 1 ¶ 2. In October 2007, plaintiff questioned Nanney about plaintiff's performance reviews. *Id.* at 7 ¶ 2. In response, Nanney expressed his general dislike of contractors and explained that plaintiff was not deserving of a raise. *Id.* Subsequently, plaintiff was demoted from a position with the shipping and fertilizer department to "shoveling." *Id.* In December 2007, Nanney "cursed [plaintiff] out" for missing two days of work for reasons related to a medical visit. *Id.* at 7 ¶ 3. Plaintiff reported this incident to Williams, the PCS general foreman; however, no disciplinary action was taken against Nanney. *Id.* at 7 ¶ 4. Plaintiff alleges also that Nanney periodically made racial remarks in plaintiff's presence. *Id.* at 8 ¶ 1.

During the week of 7 September 2008, plaintiff informed Williams that he would be unable to work the evening of 12 September 2008 as scheduled due to a medical procedure to be performed earlier that day. *Id.* at 8 ¶ 5. On 11 September 2008, Freeman contacted plaintiff and explained that plaintiff needed to work the evening of 12 September 2008 due to a co-worker's unexpected absence. *Id.* After plaintiff explained his concern that he would not be physically capable of working due to the medical procedure, Freeman advised plaintiff to speak with Nanney. *Id.* Plaintiff telephoned Nanney, who threatened to fire plaintiff. *Id.* at 8 ¶ 6. In response to Nanney's threat, plaintiff "told [Nanney] as long as he stays white he better not ever curse at [him] anymore." Compl. at 8 ¶ 6. Plaintiff was subsequently transferred from his permanent position to a part-time temporary position. *Id.* at 9 ¶ 3. On 23 September 2008, after

---

*Food Lion Store #671, et al.*, 5:04-ct-533-BO; (2) *Spencer, et al. v. Best, et al.*, 5:04-ct-532-BO; and (3) *Spencer v. Elks, et al.*, 4:01-cv-00015-H. Irrespective of these previous claims, after reviewing the materials submitted in the instant matter, this court is of the opinion that it lacks subject matter jurisdiction over the present dispute.

2

working in his new position for approximately one week, plaintiff received a telephone call and was informed that he was terminated for making threats. *Id.* at 9 ¶ 4.

Plaintiff's *pro se* complaint is a form containing typewritten allegations in a "fill in the blank" format, to be supplemented with handwritten information by plaintiff. In addition to the form complaint, plaintiff has filed a typewritten narrative captioned as a "verified complaint." [DE-1.2]. In paragraph 11 of the form complaint, plaintiff alleged that on or about 11 September 2008, he filed charges with the Equal Employment Opportunity Commission ("EEOC") regarding the defendants' alleged discriminatory conduct. Compl. at 4 ¶ 11. He alleges also through the form language provided in the complaint that a copy of the Notice of Right to Sue letter issued by the EEOC is attached to the complaint. *Id.* However, no right-to-sue letter was attached to the form complaint nor was any such letter included with the other documents plaintiff filed with the court. The form complaint also provides space for plaintiff to indicate the date on which he received the right-to-sue letter from the EEOC. *Id.* This space has been left blank. *Id.*

Plaintiff filed suit in this court on 23 March 2009 alleging that the defendants' failure to promote plaintiff and his discharge constituted unlawful racial discrimination, in violation of Title VII. *Id.* at 2 ¶ 3. Plaintiff alleges also claims of slander and defamation of character. *Id.* at 2 ¶ 4. Plaintiff seeks compensatory damages of $2,000,000.00 per defendant, in addition to recovery of back pay, reinstatement of his former job and any other relief as may be appropriate, including injunctive orders, damages, costs and attorney's fees. *Id.*

3

Case 4:09-cv-00043-FL   Document 2   Filed 04/17/09   Page 3 of 7

## II. STANDARD OF REVIEW

Because plaintiff is proceeding *in forma pauperis*, the court reviews his allegations in accordance with 28 U.S.C. § 1915(e)(2)(B), and shall dismiss the complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from a defendant immune from such recovery. 28 U.S.C. § 1915(e)(2)(B)(i-iii); *see Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994) (explaining Congress enacted predecessor statute 28 U.S.C. § 1915(d) "to prevent abuse of the judicial system by parties who bear none of the ordinary financial disincentives to filing meritless claims").

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Although a complaint of a *pro se* plaintiff is entitled to more liberal treatment than those drafted by attorneys, *White v. White*, 886 F.2d 721, 724 (4th Cir. 1989), the court is not required to accept a *pro se* plaintiff's contentions as true. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (explaining under predecessor statute 28 U.S.C. § 1915(d) that "a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations"). Rather, the court is permitted "to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless," *Neitzke*, 490 U.S. at 327, which include those with factual allegations that are "fanciful," "fantastic" or "delusional." *Id.* at 325, 328. Absent such allegations, "the initial assessment of the *in forma pauperis* plaintiff's factual allegations must be weighted in [his] favor." *Denton*, 504 U.S. at 32. Of course, part of the court's analysis necessarily includes a determination whether the court has subject matter jurisdiction over the dispute. *See Fuller v. Evans*, 2005 WL 1743955, at *1 (M.D.N.C. Mar. 24, 2005).

## III. ANALYSIS

In this case, the court does not reach the merits of plaintiff's claims because by failing to include a right-to-sue letter with the complaint, plaintiff has failed to comply with the jurisdictional prerequisites pursuant to Title VII. "A federal discrimination claim brought by a private party *cannot* be heard by a federal district court until the EEOC has conducted an investigation and determined the validity of the claim. Further, . . . the EEOC [must] decide whether the agency will bring the claim in federal court or whether the complainant will be issued a right-to-sue letter, *which letter is essential to initiation of a private Title VII suit in federal court.*" *Davis v. North Carolina Dep't of Corr.*, 48 F.3d 134, 137-138 (4th Cir. 1995) (emphasis added) (citing 42 U.S.C. §§ 2000e-5(b), 5(f)(1)); *see Forrest v. Transit Mgmt.*, 93 Fed. Appx. 577 (4th Cir. 2004) (explaining "absent [the EEOC's] determination [as to the merits of the claim and its issuance of a right-to-sue notice], the district court lacks subject matter jurisdiction over the claim); *Shaver v. Davie County Public Sch.*, 2008 WL 943035, at *2 (M.D.N.C. Apr. 7, 2008) (dismissing claims with prejudice for lack of subject matter jurisdiction where *pro se* plaintiff conceded he failed to file EEOC charge prior to commencement of federal lawsuit) (citations omitted).

Here, according to the *pro se* complaint, plaintiff complied at least in part with the jurisdictional prerequisites by filing an EEOC charge. Compl. ¶ 11; 42 U.S.C. § 2000e-5(e). However, because plaintiff failed to include the right-to-sue letter with the complaint, advising the court of the EEOC's determination, the court does not have subject matter jurisdiction over this matter. *See Davis*, 48 F.3d at 138 (finding that the district court lacks subject matter jurisdiction until "the EEOC has investigated the claim, made a determination as to the claims

5

merit and issued a right-to-sue notice"). Under these circumstances, this court finds that dismissal of plaintiff's Title VII claim without prejudice is the proper course so that he may cure the jurisdictional defects addressed in this memorandum. *See McDaniel v. Greyhound Lines, Inc.*, 2008 WL 2704774, at *5 n.3 (W.D.N.C. Jul. 7, 2008) (dismissing *pro se* plaintiff's Title VII claims without prejudice for lack of subject matter jurisdiction where plaintiff failed to exhaust administrative remedies by naming all defendants in EEOC charge); *see also Wheeler v. Holtzman*, 1993 WL 300024, at *1 (S.D.N.Y. Aug. 2, 1993) (dismissing with leave to amend plaintiff's Title VII and ADA claims where plaintiff failed to allege that he received a right-to-sue letter from the EEOC or provide documentation indicating the existence of such a letter). Because this court finds that it lacks subject matter jurisdiction over plaintiff's Title VII claim, the court does not address the claims asserted by plaintiff arising under North Carolina law as these are before the court solely on the court's supplemental jurisdiction. *See* 28 U.S.C. § 1367(c)(3).

## IV. CONCLUSION

For the reasons stated above, this court ALLOWS plaintiff's application to proceed *in forma pauperis*. In addition, this court RECOMMENDS that the underlying complaint be DISMISSED for lack of subject matter jurisdiction WITHOUT PREJUDICE.

The Clerk shall send copies of this Memorandum and Recommendation to counsel for the respective parties, who have ten (10) days from the date of receipt to file written objections. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in the Memorandum and, except upon grounds

of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

This, the 17th day of April, 2009.

Robert B. Jones, Jr.
United States Magistrate Judge